UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW SULLIVAN                                    CIVIL ACTION

VERSUS                                              NO. 24-2843

C-DIVE, LLC ET AL                                   SECTION "B" (5)

<u>ORDER AND REASONS</u>

Before the Court is plaintiff Matthew Sullivan's Motion for Severance of Maintenance and Cure and for Expedited Trial (Rec. Doc. 52) as well as C-Dive's opposition (Rec. Doc. 57). For the following reasons,

**IT IS ORDERED** that the plaintiff's motion is **DENIED WITHOUT PREJUDICE** to reurge with more established evidence.

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff Matthew Sullivan ("Sullivan") alleges he is a Jones Act seaman and commercial driver, who sustained dysbaric osteonecrosis because of improper decompression protocols following his multi-year employment with defendant C-Dive. Rec. Doc. 1 at 4. Sullivan explains that following a diagnosis, in October 2024, of his condition, he communicated to C-Dive to alert them of his condition and need for living expenses. Id. Sullivan states that C-DIVE and its third party administrator, MARITIME-SUBSEA CLAIMS, LTD, refused to pay for any maintenance and cure benefits. Sullivan states that, because of his condition, he is now permanently disqualified from commercial diving. *Id*. at 4–5.

On December 10, 2024, sued C-Dive and several of its insurers for their refusal to provide him with maintenance and cure. Rec. Doc. 1. Sullivan charges C-DIVE with being negligent in its operation and maintenance of Sullivan's working conditions, the support vessels, as well as the

1

supervision and directing of the vessel's crew. *Id*. at 5. Sullivan argues that because he was a seaman and employee of C-Dive, he is owed maintenance and cure which C-Dive has refused to pay him. *Id*. at 7. Sullivan demands a jury trial on all issues.

On August 12, 2025, Sullivan filed a motion for severance of his maintenance and cure claim and for an expedited trial. Rec. Doc. 52. Sullivan notes that the Court has discretion to sever the maintenance and cure issue and that doing so would be appropriate in this instance. Rec. Doc. 52-1 at 3. C-Dive opposes this motion, arguing principally that critical disputes about law and facts, as well as extensive ongoing discovery, counsel against having a separate and expedited trial on the maintenance and cure issues. Rec. Doc. 57-1 at 1–2.

## LAW AND ANALYSIS

### A. Legal Standard

A Jones Act seaman may request "severance of the maintenance (and cure) claim and an expedited trial by the court." *Tate v. American Tugs, Inc*., 634 F.2d 869, 871 (5th Cir. 1981). The decision to sever a maintenance and cure claim is within the discretion of the court. *Raffield v. Y & S Marine, Inc*., No. CIV.A 06-10758, 2008 WL 89006, at *3 (E.D. LA. Jan. 7, 2008). Courts consider several factors when deciding whether to sever and expedite a maintenance and cure claim, including (1) the plaintiff's interest in an expedited trial on the issues; (2) the proximity of the scheduled trial date; (3) whether the plaintiff has requested a jury trial; (4) whether the non-moving party opposes the motion; (5) whether a delay in the plaintiff's surgery would render a determination of damages in a Jones Act case speculative; and (6) whether the same experts would testify in both trials. *Cent. Boat Rentals, Inc. v. Brown*, No. CV 20-1277, 2020 WL 5232422, at *2 (E.D. La. Sept. 2, 2020). Importantly, a court need not consider all the factors listed; instead, a court "must aim for a result that promotes judicial economy." *Id*.

### B. Analysis

2

### 1. Sullivan's Interest and C-Dive's Opposition

Other than noting he is in great pain, Sullivan provides no reason why his interest weighs in favor of severing his maintenance and cure claim. Sullivan received a surgery recommendation in December 2024 and could have elected to use his group health insurance, provided by C-Dive, if the surgery was necessary. Sullivan does not explain this delay in seeking surgery, and no other evidence exists to suggest that the delay in receiving surgery is due to anything other than his own inaction. Moreover, Sullivan has not explained whether any further delays would affect the outcome of his sought-after surgery. *See Grundstrom v. 4-J's Enter., Inc*., No. CIV.A.03-2657, 2004 WL 551207, at *2 (E.D. La. Mar. 18, 2004) (declining to sever and expedite trial because a six-month delay in surgery would "not likely materially change the outcome of any surgery."). Absent any additional information about the need for this surgery, and the fact that it is unclear if any further delay would impact the surgery Sullivan seeks, the Court cannot conclude that these factors weigh in favor of granting the motion to sever.

### 2. The Proximity of the Scheduled Trial Date, Sullivan's Request for Jury Trial, and Whether the Same Experts Would Testify at Both Trials

Sullivan requested a jury trial on all issues. Rec. Doc. 1. The trial is presently scheduled for April 27, 2026—eight months after Sullivan's request for a severed and expedited trial on his maintenance and cure claim. Rec. Doc. 22 at 3. The parties are not set to complete the exchange of expert reports until February 18, 2026, a mere two months from the scheduled trial date. *Id*. at 2. Additionally, at the time of filing his motion, much discovery still had not been completed, including a deposition of Sullivan himself. In *Central Boat Rentals, Inc. v. Brown*, the court found that because trial was scheduled in six months, and because the parties had yet to conduct substantial discovery, "[a]n expedited trial…would not materially accelerate the adjudication of plaintiff's claims." *Cent. Boat Rentals*, 2020 WL 5232422, at *2. Additionally, the need for discovery supports the denial of a motion for a separate trial on maintenance and cure. *See*

*Charpentier v. Blue Streak Offshore, Inc.*, No. CIV.A. 96-323, 1996 WL 383126, *1 (E.D. La. July 3, 1996) ("A separate hearing on the issue of maintenance and cure is not merited when the trial date is in the near future and discovery is wanting.")  Here, the scheduled trial date is eight months after Sullivan's request, only slightly longer than the gap in *Central Boat Rentals*. And discovery on critical factual issues has not yet been completed, especially given that experts reports have yet to be exchanged. See Rec. Doc. 22 at 2. The proximity of the scheduled trial date, and the need for additional discovery into contested issues, weigh in favor of denying Sullivan's motion.

Further, the same experts and witnesses would need to testify at both trials. The experts are likely to provide conflicting testimony about the medical cause of Sullivan's condition and whether his condition manifested during his employment with C-Dive or at work. Those issues would be relevant at a severed and expedited trial on maintenance and cure as well as an additional trial on Sullivan's remaining Jones Act claims. As another court has noted, "[i]t would be inefficient to have each expert testify twice in this matter." *Cent. Boat Rentals*, 2020 WL 5232422, at *3 (E.D. La. Sept. 2, 2020); *see also Grundstrom v. 4-J's Enter., Inc.*, No. CIV.A.03-2657, 2004 WL 551207, at *2 (E.D. La. Mar. 18, 2004) (denying motion for maintenance and cure in part because experts and other witnesses would have to testify only once during the adjudication of all of plaintiff's claims). The need for the experts to testify at both trials is a factor in favor of denying Sullivan's motion.

Considering the above analysis, the Court concludes that Sullivan's motion for severance of his maintenance and cure claim is **DENIED**.

New Orleans, Louisiana, this 26th day of January 2026

SENIOR UNITED STATES DISTRICT JUDGE

4